Trials — Felony — Two-Stages — Credit Schedule The effect of 57 O.S. 138 [57-138] (1961), as amended is to require that all felony criminal trials be conducted in two stages. The jury will first determine guilt or innocence. If the defendant is found guilty, they will receive further instructions concerning punishment, and credits given for good conduct. The Attorney General has had under consideration your letters dated July 1, 1968, and August 8, 1968, respectively, in which you first direct our attention to 57 O.S. 138 [57-138] (1961), as amended 31st Oklahoma Legislature, Second Session, 1968 O.L.S., p. 390 same now providing as follows: "Every convict who should have no infractions of the rules and regulations of the prison or laws of the State recorded against him shall be allowed for his term a deduction of two (2) months in each of the first two (2) years; four (4) months in each of the next two (2) years; five (5) months in each of the remaining years of said term, and prorated for any part of the year where the sentence is for more or less than a year. The mode of reckoning credits shall be as shown in the following table: SCHEDULE OF CREDITS "Number of Time to be served years — Good time Total Good if full time — of sentence granted time made is made (Editor Note: This is a Table — Difficult to Display — Pull Text of Opinion) 1st year 2 months — 2 months 10 months 2nd year 2 months, 4 months; 1 year, 8 months 3rd year 4 months 8 months 2 years, 4 months 4th year 4 months 1 year 3 years 5th year 5 months 1 year, 5 months — 3 years, 7 months and so on, through as many years as may be the term of the sentence. And, in addition to the deduction from his sentence of two (2) days for every six (6) days' work performed by him; and each convict shall also, in addition to all such deductions, be entitled to a deduction of twenty (20) days for each pint of his blood he donates to the American Red Cross or to any agency or a hospital approved for such purpose by the Warden. Inmates who are granted medical leaves for treatment which cannot be furnished at the penal institution where incarcerated shall be allowed the time spent on medical leave as time served. All inmates serving their first term with a good conduct record and who have no infraction of the rules and regulations of the penal institution shall be allowed as a deduction from his term of imprisonment the jail term, if any, served prior to being received at the penal institution. Inmates on parole who are returned to the institution as parole violators shall be deprived of any credits earned up to the date of their release on parole. Provided, however, that no convict shall be entitled to deduction for good time as herein provided in the event he has been guilty of misconduct or violation of the prison rules and regulations, unless relieved therefrom by the Warden. Provided, further, that this section shall be read to the jury as part of the court's instruction in any trial to a jury, after a finding of guilty of a crime for which any part of the punishment may be imprisonment in the penitentiary, and that the provisions of this section may be commented upon in the argument of any such trial. Provided further, when a maximum and minimum term of imprisonment is imposed, this section shall apply only to the maximum term." (Emphasis added) You both inquire, in effect, whether the language underlined above has the effect of requiring that all criminal felony trials now be conducted in two stages. It is clear that this provision dealing with credits to be given penitentiary inmates shall be read by the trial judge to the jury "after a finding of guilty." The only way that this can be accomplished is to conduct all felony trials in two stages, similar to the manner in which trials of defendants charged as second or subsequent offenders are conducted. This, as you know, is set out in 22 O.S. 860 [22-860] (1967), which provides: "In all cases in which the defendant is prosecuted for a second or subsequent offense, except in those cases in which former conviction is an element of the offense, the procedure shall be as follows: "(a) The trial shall proceed initially as though the offense charged was the first offense; when the indictment or information is read all reference to prior offenses shall be omitted; during the trial of the case no reference shall be made nor evidence received of prior offenses except as permitted by the rules of evidence; the judge shall instruct the jury only on the offense charged; the jury shall be further instructed to determine only the guilt or innocence on the offense charged, and that punishment at this time shall not be determined by the jury. "(b) If the verdict be guilty of the offense charged, that portion of the indictment or information relating to prior offenses shall be read to the jury and evidence of prior offenses shall be received. The court shall then instruct the jury on the law relating to second and subsequent offenses, and the jury shall then retire to determine (I) the fact of former conviction, and (2) the punishment, as in other cases." In summary, and in answer to your question, the effect of 57 O.S. 138 [57-138] (1961), as amended, is to require that all criminal felony trials be conducted in the following manner: At the conclusion of the presentation of all the evidence by both sides, the trial judge should instruct the jury only as to the law relating to the offense charged and further instruct them to determine only the guilt or innocence of the defendant on such offense. Should the jury return a verdict of guilty after so deliberating, then the court should instruct the jury on the law relating to punishment for the particular offense. (It would be at this stage, of course, that subsection (b) of 22 O.S. 860 [22-860] (1967), would be followed if the defendant has been charged as a second or subsequent offender.) Thereafter, the court should read to the jury the provisions of Section 138, as amended, then permit further arguments by both sides, during which arguments comment may be made upon such provisions. The jury should then be permitted to again retire to deliberate and return a verdict prescribing the punishment to be assessed the defendant. (Charles Owens)